[No. 21923.   Department One.   July 25, 1929.]

GEORGIA JONES, *as Executrix, Appellant,* v. S. V. DAVIN, *Respondent,* O. E. BOWMAN, *Defendant.*[1]

*John C. Hurspool,* for appellant.
*George W. Thompson,* for respondent.

BEALS, J.—For some months prior to August, 1923, defendants S. V. Davin and O. E. Bowman were operating, as partners, a ranch in Walla Walla county owned by defendant Davin.   G. W. Jones, a merchant conducting a grocery store in Walla Walla, sold supplies to the partnership, for which, in due time, payment was made by defendant Davin.   On or about August 1, 1923, the partnership between defendants was dis-

[1] Reported in 279 Pac. 405.

solved, Mr. Bowman taking over the partnership property and thereafter conducting the ranch (still owned by Mr. Davin) upon his sole account. Between August 2, 1923, and November 6, 1925, Mr. Jones sold, for use on the ranch, merchandise of the value of $1,682.23, for which amount (less $300 paid by Mr. Davin) he brought this action against defendants jointly. After the institution of the action, Mr. Jones died, and his widow, Georgia Jones, as executrix of his last will and testament, was substituted as plaintiff. A second amended and supplemental complaint was filed, to which defendant Davin filed his answer, no service of process having been made upon defendant Bowman and no appearance in the action having been made by him. The trial of the cause to the court, sitting without a jury, resulted in a judgment dismissing the action, from which plaintiff appeals.

Appellant claims that the trial court erred in making certain findings in favor of respondent, and in dismissing the action.

In support of her cause of action, appellant produced only one witness, a daughter of herself and the deceased G. W. Jones. This witness testified that she had worked in and about her father's store for eight years, evidently during all the period goods were sold for use on the Davin ranch, that she was the bookkeeper and was familiar with the details of the business. She identified a dozen or so bound pads of sales slips as containing the original entries of all sales made for which recovery is sought in this action. These pads of sales slips were received in evidence, and are before us. The trial court filed a memorandum opinion in which it is stated that these account books or memoranda have apparently been altered in numerous instances in two different ways. One system of alteration noted by the trial court was to erase the initials

or the first name of defendant Bowman and add over such erasure either the name "Davin" or the letter "D" with the sign "&." The other system of alteration was to add to some portion of the pad cover or of an individual sales slip, after the name "Bowman," the name "Davin" or the letter "D." In his memorandum opinion, which is before us as part of the statement of facts, the trial judge stated that the condition of the books was such as to discredit, not only the books themselves, but also the testimony of the one witness produced on behalf of appellant.

We have carefully examined these books or memoranda of account, and we agree with the trial court in holding that they bear such manifest evidence of alteration, by the addition of letters and words which purport to show some connection of respondent Davin with the sales of the items of merchandise referred to therein, that they are absolutely discredited as evidence in so far as they purport to show anything more than the sale of different items of merchandise on the order of defendant Bowman.

Appellant admits that alterations in the accounts would be important if such appeared on slips showing sales made when the second account was first opened, but endeavors to minimize the importance of this matter, while admitting that changes on the sales slips were made, by urging that the changes are few in number and occur only on sales slips covering the period of approximately the middle of the account. The sales slips themselves furnish an answer to counsel's argument, as changes are found therein, by way of adding the words "& Davin" or "D &," or words of similar import, from almost the beginning of the account to its end. Appellant's witness offered no explanation as to why any words should have been written on the sales slips after the original memo-

randum of the sale was entered thereon at the time the merchandise was ordered. Her attempted explanation would seem to cover only erasures and alterations appearing on the cardboard covers of the blocks of sales slips. The explanation is not satisfactory, considered together with the changes to which it refers, and we can only conclude that the statements of account are, in so far as they purport to connect respondent Davin with the purchase of the merchandise, completely discredited.

It is not disputed that Davin and Bowman were, prior to August, 1923, jointly operating the Davin ranch, and that goods were purchased for use on this ranch from Mr. Jones for which payment was made. It is also undisputed that the partnership between defendants was dissolved prior to the first sales made upon the account upon which this action is based. The record also discloses no conflict with the testimony of Mr. Davin to the effect that he received none of the goods sold during and after the month of August, 1923, and it appears that all of these goods were delivered to Mr. Bowman and consumed by him or his family upon the ranch, which he was then conducting upon his own account.

In her second amended and supplemental complaint, upon which the action was tried, appellant alleged the partnership of defendants prior to August, 1923, and the fact that Mr. Jones sold and delivered goods to this partnership on order of defendant Bowman; that, on and after August 2, 1923, Mr. Jones continued to sell and deliver to Mr. Bowman merchandise, which sales continued until November 6, 1925, and that defendant Davin, September 27, 1924, paid $300 on the account. This complaint, continuing, alleges:

". . . that no notice of the dissolution of said partnership was given to said G. W. Jones, and said

goods were so sold and delivered to said O. E. Bowman for said partnership and on the credit of said partnership, and not otherwise.''

Appellant based her action upon the theory of estoppel, relying upon the prior partnership, the sale of goods by her deceased husband to the partnership, that such sales continued after the dissolution of the partnership, concerning which no notice was given to Mr. Jones, and that therefore Mr. Davin is liable for the value of the merchandise so sold.

Appellant also pleads an account stated as against defendant Bowman, and that no objection thereto was raised by either Bowman or respondent.

Appellant's witness, Mrs. Stella Powell, testified that she did not know the arrangement between her father and respondent under which the first account was opened, and under which goods were furnished to respondent and Mr. Bowman as partners. Neither did she know what was said when the amount due on this account was paid by respondent. She testified that, thereafter, respondent came to the store and told witness' father ''to let Mr. Bowman have the groceries and he would pay for them.'' Defendant Bowman, a witness on behalf of respondent, testified that, after he had purchased respondent's interest in the partnership, he went to Mr. Jones, who stated that no more supplies would be furnished ''unless Mr. Davin came in and fixed it up.'' The witness stated that he did not know anything further about what arrangements were made, but that his credit with Mr. Jones continued.

It is, of course, evident that, if Mr. Jones knew of the prior partnership and had no notice of its dissolution, as far as he was concerned there would have been no reason for his interviewing Mr. Davin or requiring any new assurance that merchandise furnished Mr.

Bowman would be paid for. We are satisfied from the evidence that, at the time the partnership between respondent and Bowman was dissolved, something happened which brought that matter to the attention of Mr. Jones. It seems clear that thereafter some new arrangement was made, and as to what this new arrangement was, in our opinion, the competent evidence does not preponderate in favor of the establishment of any liability on the part of respondent. Respondent admits that, in the fall of 1924, he paid to Mr. Jones $300 to be credited upon Mr. Bowman's account. The fact that this payment was made affords a basis for appellant's argument that respondent was liable on the account, but respondent explains the transaction by saying that he loaned Mr. Bowman this and other money, for which he took a note.

In view of the prior, and then existing, relations between respondent and Mr. Bowman, there is nothing inherently improbable in respondent's explanation of this transaction, and in view of all the circumstances of the case, we conclude that the judgment entered was correct, and the same is affirmed.

TOLMAN, HOLCOMB, and MILLARD, JJ., concur.